# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ACCIDENT INSURANCE COMPANY, INC.<br><br>        Plaintiff,<br><br>v.<br><br>1. ELITE EXTERIORS, INC. d/b/a ELITE EXTERIORS;<br>2. CHRISTINA CUELLAR DIAZ;<br>3. ARMANDO CUELLAR-MARIN; and<br>4. IRMA DIAZ, individually and next friend of M.C.D., a minor<br><br>        Defendants. | **Case No:** CIV-20-72-SLP<br>**Judge** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, the Plaintiff, Accident Insurance Company ("AIC") for its complaint for declaratory judgment alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. AIC is a domestic profit corporation incorporated in New Mexico with its principal place of business in Albuquerque, New Mexico.

2. On information and belief, Defendant, Elite Exteriors, Inc., is a domestic for-profit business corporation, transacting business in the State of Oklahoma and may be served with a copy of this Petition by serving its registered agent, Mark Douglas Plumbtree, at 736 Napol Ave., Edmond, Oklahoma 73034.

3. Defendant, Christina Cuellar Diaz, is an individual and upon information and belief, is a citizen of the State of Oklahoma, currently residing in Stephens County, Oklahoma.

4. Defendant, Armando Cuellar-Marin is an individual and upon information and belief, is a citizen of the State of Oklahoma, currently residing in Stephens County, Oklahoma.

5. Defendant, Irma Diaz is an individual and upon information and belief, is a citizen of the State of Oklahoma, currently residing in Stephens County, Oklahoma.

6. Defendant, M.C.D., a minor is an individual and upon information and belief, is a citizen of the State of Oklahoma, currently residing in Stephens County, Oklahoma.

7. The incident referred to in this Petition occurred in Stephens County, Oklahoma.

8. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.

9. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there exists complete diversity among the parties and the amount in controversy (as shown below), exclusive of interest and costs, exceeds the sum of $75,000.00.

10. This action is one for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure.

**FACTS**

11. Plaintiff re-alleges paragraphs 1-10, above, as if fully set forth herein.

12. On or about March 29, 2018, Elite replaced the roof at the Cuellar home.

13. On or about April 2, 2018, Cuellar sustained carbon monoxide poisoning and other injuries in connection to a discharge of carbon monoxide.

14. On or about April 16, 2018, Cuellar submitted a claim to Elite for recovery under Elite's commercial general liability policy with AIC. The basis of Cuellar's claim is that Elite failed to properly reattach the vent for the water heater and gas, allowing carbon monoxide to leak into the house.

15. On May 15, 2019, Cuellar filed a lawsuit in the District Court of Stephens County Case No. CJ-2019-103 alleging personal injuries as a result of Elite's negligence.

16. Elite was insured with the Plaintiff AIC under a commercial general liability policy that contained a total pollution exclusion with hostile fire exception.

17. Subject to its terms, conditions, and limitations, AIC's Commercial General Liability policy provides:

**COMMERCIAL GENERAL LIABILITY COVRAGE FORM**

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
    …

2. **Exclusions**
    This insurance does not apply to:
    …

    **f. Pollution**
       **(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

       This exclusion does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

…

18. The AIC policy defines pollutants in the policy as follows:

**SECTION VI – DEFINITIONS**

…

**15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

…

19. The incident at issue is not covered under AIC's policy because Cuellar's alleged damages arise from a carbon monoxide leak and the Total Pollution Exclusion is applicable.

20. By virtue of the action in Stephens County, an actual controversy exists between the parties and declaratory relief is appropriate.

21. A declaratory judgment by this Court of the rights and obligations of the parties would effectively terminate the controversy.

## CLAIM FOR RELIEF

22. AIC realleges and incorporates by reference Paragraphs 1-21 hereof.

23. AIC seeks to have this Court determine the parties' legal rights and obligation under Defendant Elite's Commercial General Liability Policy. Specifically, AIC

seeks a declaratory judgment that AIC has no obligation to defend or indemnify Defendants as a result of the carbon monoxide discharge.

**WHEREFORE**, Plaintiff AIC respectfully requests that the Court determine the rights of liabilities of AIC and Defendants under Commercial General Liability Policy and enter declaratory judgement in favor of AIC.  AIC further requests an award of costs, fees and all other relief this Court deems just and proper.

Respectfully submitted,

s/Christine B. McInnes
MICHAEL G. McATEE, OBA #11589
CHRISTINE B. McINNES, OBA #22882
McATEE & WOODS, P.C.
410 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: (405) 232-5067
Facsimile: (405) 232-0009
mikem@mcateeandwoods.com
christinem@mcateeandwoods.com
***Attorneys for Plaintiff, AIC***